Filed 6/10/22  P. v. Johnson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307181 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A778000) |
| v. | |
| GARY JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Dismissed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Gary Johnson (defendant) appeals from the July 24, 2020, summary denial of his petition for resentencing under Penal Code section 1170.95.[1] Because we have already ordered the trial court to conduct further proceedings under section 1170.95, subdivision (c), with respect to a substantively identical petition for resentencing filed by defendant, we can provide no effective relief to defendant through this appeal. Accordingly, we dismiss the appeal as moot.[2]

## BACKGROUND[3]

### I. *Conviction and Direct Appeal*

In 1987, a jury convicted defendant of first degree murder (§ 187, subd. (a)), felonious assault (§ 245, subd. (a)(1), (2)), and several counts of residential robbery (former § 213.5). Defendant was sentenced to an indeterminate term of 25 years to life for the murder, plus a determinate term of two years eight months for the other counts. We affirmed the judgment on direct appeal. (*People v. Fulton* (June 30, 1989), B028520 [nonpub. opn.], at p. 6.)

### II. *First Petition for Resentencing and Appeal No. B307181*

On May 26, 2020, defendant filed a petition to be resentenced pursuant to section 1170.95 (first petition for

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We grant defendant's April 4, 2022, motion to take judicial notice of various records of the trial court and the Court of Appeal related to this case. (Evid. Code, § 452, subd. (d).)

[3] Because the facts underlying defendant's murder conviction are not relevant to our dismissal, we omit them from this summary.

resentencing).  On July 24, 2020, the trial court summarily denied the first petition for resentencing on the ground that defendant was not convicted of murder.

One month later, on August 24, 2020, defendant filed a petition for writ of mandate.  On September 18, 2020, we issued an order deeming the petition for writ of mandate a notice of appeal from the July 24, 2020, denial of defendant's first petition for resentencing.  As a result, this appeal, No. B307181, ensued.

III.  *Second Petition for Resentencing and Appeal No. B309494*

Meanwhile, on August 31, 2020, defendant filed a second section 1170.95 petition for resentencing in the trial court (second petition for resentencing).  On October 28, 2020, the trial court summarily denied the second petition for resentencing, again, on the ground that defendant was not convicted of murder.  On November 25, 2020, defendant filed a notice of appeal from the October 28, 2020, denial of his second petition for resentencing, and Appeal No. B309494 ensued.

IV.  *Trial Court's Acknowledgment of Error*

On March 2, 2021, the trial court acknowledged that it "was in error when it summarily denied the Penal Code section 1170.95 petition"—as defendant *was* convicted of murder—and "request[ed] that the Court of Appeal remand the case back to the trial court for further proceedings."

V.  *Dismissal of Appeal No. B309494 and Remand*

On March 10, 2021, defendant filed a motion in Appeal No. B309494 to remand the case for further proceedings and to dismiss Appeal No. B309494 as moot based on the trial court's acknowledgement of error.

We granted defendant's motion in Appeal No. B309494 on March 11, 2021.  Our order states, in part:  "[T]his matter is

remanded to the trial court for further proceedings, under subdivision (c) of Penal Code § 1170.95, with respect to defendant's petition for resentencing.  The notice of appeal filed November 25, 2020 is hereby dismissed as moot.  The clerk shall issue the remittitur forthwith."

VI.  *Continuation of the Instant Appeal*

On November 4, 2021, we appointed counsel to represent defendant in this appeal, Appeal No. B307181.[4]  Defendant's appointed counsel filed an opening brief on November 24, 2021, arguing that the denial of the first petition for resentencing should be reversed because defendant was, in fact, convicted of murder.

On December 6, 2021, we received a request directly from defendant asking us to dismiss this appeal "without prejudice[.]"  Defendant stated that he "ha[d] no recognition" of filing a notice of appeal from "the July 24, 2020 denial[.]"  On December 20, 2021, we received another request directly from defendant to dismiss the appeal.

The People filed a respondent's brief on March 28, 2022, arguing that the instant appeal should be dismissed as moot because the appeal stemming from the second petition for resentencing had already resulted in a remand for further proceedings.

On April 4, 2022, defendant's appointed counsel filed a reply brief in which he argued that the instant appeal is not moot and that dismissing it while permitting the second petition for resentencing to proceed in the trial court "is an inadequate remedy as that second petition could itself be potentially denied

---

[4]     Different counsel had been previously appointed to represent defendant in Appeal No. B309494.

4

not on the merits, but rather as an improper second and successive petition."

## DISCUSSION

"As a general rule, ""the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."" [Citation.] Thus, an "'action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.'" [Citations.] Put another way, "'[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief.'" [Citation.]" (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1149–1150 (*Pipkin*).)

Here, based on subsequent events, no effective relief can be offered to defendant through this appeal of the July 24, 2020, summary denial of the first petition for resentencing. In our March 11, 2021, dismissal and remand in Appeal No. B309494, we already directed the trial court to conduct further proceedings under section 1170.95, subdivision (c), with respect to defendant's second petition for resentencing. The first and second petitions for resentencing are substantively the same—challenging the same murder conviction—and were denied for the same reason. Continuing with the instant appeal and reversing the order denying the first petition for resentencing would only result in duplicative petitions proceeding in the trial court. This would serve no useful purpose and warrants dismissal of this appeal. (See *Pipkin*, *supra*, 27 Cal.App.5th at pp. 1149–1150.)

5

Defendant's appellate counsel argues that the instant appeal should not be dismissed because the trial court could potentially deny the second petition for resentencing "as an improper second and successive petition" rather than ruling on its merits.[5] We disagree. The first petition for resentencing was denied and the matter will not be remanded for further consideration of that petition. Thus, duplicative petitions for resentencing will not be before the trial court. Pursuant to our March 11, 2021, order in Appeal No. 309494, the trial court must conduct further proceedings under section 1170.95, subdivision (c), with respect to the second petition for resentencing.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT

---

[5]     Counsel acknowledges that defendant has personally submitted two requests that we dismiss this appeal. Counsel opposes those requests.